UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CURTIS GRAVES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:16-cv-01619-JMS-DML |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

After counsel withdrew, the petitioner filed a *pro se* amended motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his sentence was unconstitutionally enhanced and he must be resentenced. For the reasons stated below, the motion for relief is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

1

**Background**

The Seventh Circuit summarized this case on direct appeal as follows:

> On March 29, 2002, Curtis Graves sold 72 grams of crack cocaine to Tona Jones. Unfortunately for Graves, Jones was working as an informant for the FBI Safe Streets Task Force at the time of the controlled purchase. Jones was wearing a tape-recording device and the sales transaction between Graves and Jones was observed by law enforcement officers. The recorded conversation included statements by Graves saying that he was "cooking all this dope" and that Jones should let it dry before use. On April 15, 2002, Jones made a second controlled purchase of crack cocaine from Graves, this time buying more than 110 grams.
>
> Graves was charged with two counts of distributing 50 or more grams of crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii). At trial, the government presented testimony from the FBI officers who had worked with Jones and observed the drug purchases. The recorded conversations between Graves and Jones were played for the jury. On February 3, 2004, one day after the trial began, a jury convicted Graves on both counts.
>
> At sentencing, the district court found that based on the quantity of drugs sold, Graves's base offense level was 34. The court then found that Graves was a career offender according to U.S.S.G. § 4B1.1. This enhancement increased the offense level to 37 and, combined with a criminal history category VI, led to a sentencing range of 360 months to life. The court sentenced Graves to 360 months on each count, to be served concurrently.

*United States v. Graves*, 418 F.3d 739, 742 (7th Cir. 2005). The Seventh Circuit held that the district court erred by sentencing Graves under the defunct mandatory guidelines scheme. Graves's sentence was vacated and the case was remanded for resentencing with the understanding that the sentence guidelines are advisory. *Id.* at 746.

Judge Hamilton resentenced Graves on November 28, 2005. This resentencing was done with the understanding that courts "give 'respectful consideration' to the now-advisory Guidelines (and their accompanying policy statements)," *Pepper v. United States*, 562 U.S. 476, 501 (2011) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101, (2007)), but "may in appropriate cases impose a non-Guidelines sentence," *id*. (*citing Kimbrough*, 552 U.S. at 109–10). Once again, the district court sentenced Graves to 360 months on each count, to be served concurrently. An

Amended Judgment was entered on November 30, 2005. Graves appealed without success. The Seventh Circuit affirmed the judgment of the district court in a Mandate received on July 17, 2006.

**Discussion**

*Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Graves now argues that because the residual clause of the ACCA is unconstitutionally vague, it follows that the identical residual clause in the career offender provision of the Sentencing Guidelines is also unconstitutionally vague. The Seventh Circuit authorized this Court to consider Graves's *Johnson* claim brought in a successive motion to vacate under § 2255.

After this authorization was granted, the United States Supreme Court held in *Beckles v. United States,* 137 S.Ct. 886 (2017), that "the **advisory** [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles*, 137 S.Ct. at 890 (emphasis added). The use of the term "advisory" is critical. Until the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines had been mandatory. *Beckles* makes clear that if Petitioner had been sentenced as a Career Offender after the 2005 *Booker* decision, the *Johnson* authorities would not assist him in obtaining relief now.

As noted above, post-*Booker* Graves was specifically granted a resentencing by the Seventh Circuit to ensure that the guidelines were treated as merely advisory. As a result, the holding of *Johnson* does *not* apply to cases, like Graves's, challenging advisory guideline calculations.

Graves was given the opportunity to file a brief in support of his § 2255 motion after his counsel withdrew, but his brief does not advance his claims. In addition to the assertion that his sentence was imposed pre-*Booker* (it was not), Graves argues that the Sentencing Guidelines were

3

still mandatory until *Kimbrough v. United States*, was decided in 2007. The petitioner is mistaken. The Supreme Court in *Kimbrough* held that the cocaine Guidelines, like all other Guidelines, are only advisory. In other words, the Sentencing Guidelines were advisory after *Booker* and nothing in *Kimbrough* changed that. The Court further notes that Graves's Sentencing Guideline range was not the result of the amount of cocaine base involved in the offense. Instead, his guideline range was based on the Career Offender guideline (§ 4B1.1). *See* Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), 1:02-cr-127-JMS-KPF, dkt [4].

The Court now **dismisses** this action pursuant to Rule 4 because the holding in *Beckles* forecloses the petitioner's challenge to the enhancement of his sentence under the Sentencing Guidelines.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:02-cr-0127-JMS-KPF-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

Date: 9/21/2017

*signature*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CURTIS GRAVES
07039-028
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov